UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN BELTRAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C19-1364-MLP<br><br>ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) failing to comply with the prior court remand order, (2) assessing medical opinions, and (3) assessing his residual functional capacity ("RFC"). (Dkt. # 12 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1985, has a high school diploma and some college education, and his previous work included jobs as a forklift driver and as a temporary laborer. AR at 46-49, 234. At the time of the most recent administrative hearing, Plaintiff was working as a school bus driver. *Id*. at 722-23.

ORDER - 1

In March 2014, Plaintiff applied for benefits, alleging disability as of December 10, 2009. AR at 189-96. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 125-33, 136-48. After the ALJ conducted a hearing (*id*. at 41-68), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 20-36. The Appeals Council denied Plaintiff's request for review (*id*. at 1-6), and Plaintiff sought judicial review.

The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded the case for further administrative proceedings. AR at 814-30. On remand, a different ALJ held a hearing (*id*. at 743-83), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 719-37.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff engaged in substantial gainful activity in October-November 2013, and since the fourth quarter of 2017, and the decision addresses the periods during which he was not performing this work.

Step two: Plaintiff has the following severe impairments: diabetes mellitus, sleep apnea, obesity, lumbar arthritis, depression, and anxiety disorder v. post-traumatic stress disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can lift/carry 10 pounds occasionally and less than 10 pounds frequently. He can stand/walk two hours and sit six hours in an eight-hour workday (with regular breaks). He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to extreme cold and heat. He should avoid even moderate exposure to hazards, such as moving machinery and heights. He can understand, remember, and perform simple, routine tasks. He can have occasional, superficial contact with co-workers. He can have no contact with the general public. He needs a predictable work environment.

Step four: Plaintiff cannot perform past relevant work.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 719-37. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

**A.  The ALJ Did Not Harmfully Err in Implementing the Court Remand Order**

In the prior court remand order, the ALJ was instructed to *inter alia* reconsider the opinions of examining psychiatrist Rahul Khurana, M.D., and treating physician Caitlin Enright,

1  M.D. AR at 814-30. The previous court found that the ALJ's reasons to discount the opinions of
2  Drs. Khurana and Enright were insufficient in the prior decision, and in the current decision, the
3  ALJ provided primarily different reasons to discount the opinions. *Compare id*. at 732-35 *with*
4  *id*. at 820-29. Nonetheless, Plaintiff argues that because the ALJ continued to find the opinions
5  of Drs. Khurana and Enright to be inconsistent with Plaintiff's parenting activities, the ALJ did
6  not fully comply with the court remand order, which indicated that this line of reasoning was
7  erroneous. (Dkt. # 12 at 3.) Plaintiff also argues that because the ALJ's RFC assessment was
8  "substantively identical" to the RFC provided in the prior decision, that similarity "indicat[es]
9  [the ALJ] did not reassess it as ordered." *Id*.

10  It is true that the ALJ in this case referred to inconsistency with Plaintiff's parenting
11  activities as a reason to discount the opinions of Drs. Khurana and Enright (AR at 733-34), and
12  to the extent that this line of reasoning (albeit phrased differently) was found erroneous in the
13  prior court remand order (*id*. at 820-29), the ALJ arguably erred in continuing to cite this
14  reasoning in the current decision. But the ALJ provided numerous other reasons not previously
15  invalidated to discount the opinions of Drs. Khurana and Enright, and thus the error is harmless
16  and does not establish that the ALJ failed to reconsider the opinions on remand.

17  Likewise, the fact that the RFC assessment in the current ALJ decision is similar to the
18  RFC assessment in the prior decision does not show that the ALJ failed to comply with the court
19  remand order. The remand order did not instruct the ALJ to formulate the RFC assessment
20  differently or suggest that different limitations should have been included; the court merely
21  found that if the opinions of Drs. Khurana and Enright had been credited, different limitations
22  may have been included in the RFC assessment, thus showing that the errors in discounting the
23  opinions impacted the ALJ's disability determination. AR at 829.

ORDER - 4

But the current ALJ decision does not credit the opinions of Drs. Khurana and Enright, and instead provides at least one legally sufficient reason to discount them, as discussed *infra*, and the similarity between the RFC assessments in the two decisions does not demonstrate that the ALJ failed to reconsider the opinions on remand. Plaintiff has failed to meet his burden to show harmful error in the ALJ's implementation of the court remand order.

**B.     The ALJ Did Not Err in Assessing Medical Opinions**

Plaintiff challenges the ALJ's assessment of the opinions of Drs. Khurana and Enright, as well as the opinion of examining psychologist J. Alex Crampton, Psy.D. An ALJ's reasons to discount a contradicted treating or examining physician's opinion must be specific and legitimate. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

1.     *Dr. Khurana*

Dr. Khurana examined Plaintiff in July 2014 and wrote a narrative report describing his symptoms and limitations. AR at 393-96. Dr. Khurana opined that Plaintiff's combination of severe difficulties with following complex instructions, sustaining concentration, interacting with others, and responding to changes in a work routine made it "unrealistic for [him] to ever work again in any significant capacity." *Id*. The ALJ summarized Dr. Khurana's opinion and found it (1) inconsistent with the benign longtiduinal mental status findings; (2) inconsistent with Plaintiff's parenting activities and his work activity; (3) undermined by Dr. Khurana's reliance on non-credible self-reporting; and (4) undermined by Dr. Khurana's suspicion of Plaintiff's learning disorder, which was never diagnosed and was inconsistent with the records showing no special education and instead consistently describing Plaintiff's average intellectual functioning. *Id*. at 734-35.

Plaintiff challenges all of the ALJ's reasons, arguing that the ALJ failed to provide specific, legitimate reasons to discount Dr. Khurana's opinion. The Court disagrees, finding that the ALJ provided at least one valid reason to discount Dr. Khurana's opinion: the ALJ detailed how Plaintiff's work activity before and after the time of Dr. Khurana's opinion was inconsistent with Dr. Khurana's opinion that Plaintiff's limitations would prevent him from ever working again in any significant capacity. AR at 734. The ALJ explained that Plaintiff was able to work in 2013, and that this job ended for reasons other than his impairments, and that he later went on to work 20 hours/week as a cook/housekeeper for the homeless. *Id*. The ALJ also explained that Plaintiff later went on to work in a semi-skilled job as a school bus driver, which also contradicted Dr. Khurana's description of Plaintiff's disabling cognitive, social, adaptive, and mental limitations. *Id*. These inconsistencies are a specific, legitimate reason to discount Dr. Khurana's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Although Plaintiff contends that this line of the ALJ's reasoning ignores that he requested a closed period of disability at the hearing (dkt. # 12 at 13), counsel in fact indicated that Plaintiff would prefer to be found eligible for benefits, and only suggested a closed period of disability as an alternative. *See* AR at 747-48. And, in any event, Plaintiff's suggestion that a closed period of disability could be appropriate does not negate the inconsistency between Plaintiff's work activity and Dr. Khurana's opinion. The ALJ pointed to Plaintiff's entire work history — not only his work from 2017 forward — as inconsistent with the limitations described by Dr. Khurana. *Id*. at 734.

Plaintiff also contends that the ALJ overlooked the evidence in the record demonstrating that he struggled to maintain his job. (Dkt. # 12 at 13.) But on the contrary, the record contains evidence indicating that Plaintiff's volunteer work and job as a bus driver were going well. *See, e.g.*, AR at 1007, 1012, 1093, 1095, 1103, 1117, 1666. Although there are some indications that Plaintiff experienced work stress (*id.* at 949, 956), there is no indication in the record that this stress impacted him to the degree that he had trouble completing his work. And even if Plaintiff did experience some difficulty with his job, his ability to maintain jobs for a significant length of time nonetheless contradicts Dr. Khurana's opinion that Plaintiff's limitations were so severe that he would not be able to work ever again in any significant capacity.

Plaintiff also argues that the ALJ erred in assuming that his symptoms remained constant throughout the adjudicated period, even though the record shows that his symptoms improved when he started taking lithium, shortly before starting his job as a bus driver. (Dkt. # 12 at 13.) Indeed, the record does show improvement with Plaintiff's medication adjustments as well as his engagement with weekly therapy. *See* AR at 1112. The ALJ's decision does not suggest otherwise, however. The ALJ pointed to Plaintiff's non-compliance with treatment recommendations in 2016 and parts of 2017 (*id.* at 728-29), on which the ALJ relied as an (unchallenged) reason to discount Plaintiff's allegations of disabling limitations. That Plaintiff improved with treatment does not undermine the ALJ's decision.

Lastly, Plaintiff assigns error to the ALJ's reasoning that Plaintiff's employment as a school bus driver for special-needs children undermined Dr. Khurana's opinion, because if he actually had the severe symptoms and limitations Dr. Khurana described, the school district would not entrust Plaintiff with the responsibility involved in that job. *See* AR at 734. Plantiff argues that this line of reasoning assumes that school districts conduct psychiatric evaluations of

bus drivers (dkt. # 12 at 13), which is not the case. Plaintiff misconstrues the ALJ's decision: the ALJ reasoned that if Plaintiff's symptoms and limitations were as severe as Plaintiff described, he would not have been hired and retained in this job. AR at 734. This is a reasonable inference from the record, because Dr. Khurana's opinion indicates that Plaintiff's symptoms and limitations were so severe that he would never be able to work again, and yet he was able to persist at semi-skilled work during the adjudicated period.

Because Plaintiff's work activity is a specific and legitimate reason to discount Dr. Khurana's opinion, the Court affirms the ALJ's assessment of that opinion. Any errors in other reasons are harmless, in light of this valid reason. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

    2.     *Dr. Enright*

Plaintiff's treating physician, Dr. Enright, completed a WorkFirst form opinion in September 2014 regarding Plaintiff's symptoms and limitations that would affect his ability to look for work or perform work. AR at 482-84. Dr. Enright indicated that she treated Plaintiff for low back pain and morbid obesity, and that as a result of these conditions, he could not lift heavy objects and could not walk or sit for long periods of time, but could perform sedentary work for 11-20 hours/week. *Id*.

The ALJ discounted Dr. Enright's opinion because, *inter alia*, it was inconsistent with Plaintiff's work activities. AR at 732-33. The ALJ noted that when Plaintiff worked as a part-time kitchen helper in 2017, he was required to stand for almost all of his five-hour shift, and that he left that job to perform medium-level work as a school bus driver. *Id*. at 733. The ALJ thus reasonably found that Plaintiff's work activities were inconsistent with Dr. Enright's description of Plaintiff's physical limitations.

Plaintiff contends that the ALJ erred in overlooking evidence in the record showing that his job as a cook caused significant foot pain and that he had trouble completing work due to physical problems. (Dkt. # 12 at 9 (citing AR at 1127, 1852).) Indeed, the record shows that Plaintiff missed work when he had strep throat and pneumonia (AR at 1127), but these sicknesses are unrelated to his impairments, and one report of foot pain (*id.* at 1852) does not undermine the ALJ's finding that Plaintiff was nonetheless able to perform work as a kitchen helper.

Plaintiff has not shown that the ALJ overlooked evidence undermining the finding that Plaintiff was physically able to perform work in 2013, as well as in 2017 and beyond, or that this work contradicted Dr. Enright's description of his physical limitations. Because the ALJ provided this specific, legitimate reason to discount Dr. Enright's opinion, any error in the remaining reasons is harmless and the Court affirms the ALJ's assessment of Dr. Enright's opinion.

          3.     *Dr. Crampton*

Dr. Crampton examined Plaintiff in May 2016 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 936-40. The ALJ discounted Dr. Crampton's opinion for the same reasons she discounted Dr. Khurana's, with the exception of the reason related to the suspicion of a learning disorder. *Id.* at 734. Plaintiff argues that the ALJ's reasons to discount Dr. Crampton's opinion fail just as those reasons were insufficient with respect to Dr. Khurana's opinion. But, as explained *supra*, the Court finds that the ALJ's reasoning regarding Plaintiff's work history was sufficient with respect to Dr. Khurana's opinion, and the Court finds that it is likewise sufficient with respect to Dr. Crampton's.

Plaintiff reported to Dr. Crampton that he was not working at the time of the evaluation and not able to work due to lack of motivation caused by his depression. AR at 937. Dr. Crampton opined that Plaintiff had several marked functional limitations in his ability to perform work activities. *Id*. at 938. Yet by January 2017, Plaintiff was able to perform a volunteer job for 20 hours/week that eventually converted to a paid job, which he left in order to take another better-paying job. *See id*. at 730. As described *supra*, the ALJ did not err in finding the limitations described by Dr. Crampton to be inconsistent with Plaintiff's work activity, and the ALJ did not err in discounting Dr. Crampton's opinion on this basis.

### C. The ALJ Did Not Err in Assessing Plaintiff's RFC

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC because she failed to account for limitations identified by Drs. Crampton and Khurana. (Dkt. # 12 at 16-18.) But, as explained *supra*, the ALJ properly discounted the opinions of Drs. Crampton and Khurana, and thus did not err in failing to account for limitations they described in assessing Plaintiff's RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 13th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge